IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N.Y.

★ NOV 09 2010 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

**BROOKLYN OFFICE**

CANDI BUMBREY, ZANAYIA LEGRAND, and
YANICK JACKSON,

Plaintiffs,

**COMPLAINT**

CV 10 - 5188

-against-

Jury Trial Demanded

CITY OF NEW YORK, DENNIS MOONEY, and JOHN and
JANE DOE 1 through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

**VITALIANO, J.**

**LEVY M.J**

Defendants,

--------------------------------------------------------------------------X

Plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, by

their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as

follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to
Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff CANDI BUMBREY is a twenty-nine year old African American woman
residing in Staten Island, New York.

7.     Plaintiff ZANAYIA LEGRAND is a nineteen year old African American woman
residing in Staten Island, New York.

8.     Plaintiff YANICK JACKSON is a forty-one year old African American woman
residing in Staten Island, New York.

9.     Defendant CITY OF NEW YORK was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant CITY OF NEW YORK maintains the New York City Police
Department, a duly authorized public authority and/or police department, authorized to perform
all functions of a police department as per the applicable sections of the aforementioned
municipal corporation, CITY OF NEW YORK.

11.     That at all times hereinafter mentioned, the individually named defendants,
DENNIS MOONEY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers
of said department and were acting under the supervision of said department and according to
their official duties.

2

12.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

14.     On August 11, 2009, at approximately 7:45 p.m., plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, were lawfully present in plaintiffs' LEGRAND and JACKSON'S home at 29 Norwood Avenue, Apt. 1, Staten Island, New York, when the individually named defendant, together with other NYPD police officers, approached said apartment with their guns drawn. When plaintiff JACKSON opened the apartment's front door, the defendant officers pointed their guns at plaintiffs JACKSON and BUMBREY, grabbed plaintiffs JACKSON and BUMBREY and handcuffed them.

15.     The defendant officers entered said apartment and found plaintiff LEGRAND in bed in her bedroom. The defendants ordered plaintiff LEGRAND to get on the floor and put her hands behind her back. When plaintiff complied with the defendants' order, the defendants handcuffed plaintiff and escorted plaintiff out of said apartment.

16.     The defendant officers searched the apartment and damaged numerous personal items of plaintiff JACKSON including a bed, dresser, television and laptop computer, and plaintiff LEGRAND'S iPod. The defendants transported plaintiffs to an NYPD police precinct and imprisoned plaintiffs therein until the plaintiffs were released on their own recognizance

3

following their arraignments in Richmond County Criminal Court, said charges having been filed against the plaintiffs based on the false allegations of defendant MOONEY. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

17.     As a result of the defendants' false statements to the Richmond County District Attorney and a Richmond County Grand Jury, an indictment was filed against plaintiffs under Richmond County Supreme Court Indictment No. 247/2009.

18.     On September 30, 2009, the baseless charges levied against the plaintiffs BUMBREY and LEGRAND were dismissed and sealed.

19.     On December 4, 2009, the baseless charges levied against plaintiff JACKSON were dismissed and sealed.

20.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

21.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating and supervising of its employees.

22.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the search of an individual's residence; the investigation of incidents; the execution of search warrants, and; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a

4

search warrant.

23.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

24.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25.     As a result of the foregoing, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

26.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.

5

§1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

34. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants maliciously issued criminal process against plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, by causing them to be

arraigned and prosecuted in Criminal and Supreme Court.

37.     Defendants caused plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

38.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON.

40.     Defendants caused plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, to be prosecuted without any probable cause until the charges were dismissed on September 30, 2009 and December 4, 2009.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

41.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

43.     As a result of the foregoing, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

7

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The defendants seized, detained, arrested, and imprisoned plaintiffs because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

46.     As a result of the foregoing, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON were deprived of their rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants had an affirmative duty to intervene on behalf of plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, whose constitutional rights were being violated in their presence by other officers.

49.     The defendants failed to intervene to prevent the unlawful conduct described herein.

50.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

8

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause based on their mere presence at the location of the execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

9

56.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON.

57.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, as alleged herein.

58.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, as alleged herein.

59.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, were unlawfully arrested and maliciously prosecuted.

60.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON'S constitutional rights.

61.    All of the foregoing acts by defendants deprived plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

10

B.      To be free from false arrest/unlawful imprisonment;

C.      To be free from the failure to intervene;

D.      To be free from malicious prosecution;

E.      To be free from malicious abuse of process;

F.      To receive equal protection under law.

62.     As a result of the foregoing, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

65.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

66.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

67.     Plaintiffs have complied with all conditions precedent to maintain the instant action.

68.     This action falls within one or more of the exceptions as outlined in C.P.L.R.

11

1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

69.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants arrested plaintiffs without probable cause.

71.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

72.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

73.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

74.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

76.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

77.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

12

78.     Defendants made offensive contact with plaintiffs without privilege or consent.

79.     As a result of defendants' conduct, plaintiffs have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

80.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants initiated, commenced and continued malicious prosecutions against plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON.

82.     Defendants caused plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON to be prosecuted without probable cause until the charges were dismissed on or about September 30, 2009 and December 4, 2009.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

85.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

86.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

87.     The aforementioned conduct was intentional and for the sole purpose of causing

13

severe emotional distress to plaintiffs.

88.     As a result of the aforementioned conduct, plaintiffs suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

91.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

14

95. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

96. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

98. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

100. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

15

102.   As a result of the foregoing, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON,  are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages in an amount to be determined by a jury;

(C)   reasonable attorney's fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       November 9, 2010

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
      BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs CANDI BUMBREY, ZANAYIA LEGRAND, and YANICK JACKSON

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CANDI BUMBREY, ZANAYIA LEGRAND, and
YANICK JACKSON,

                                        Plaintiffs,

                                                                    Docket No.

            -against-

CITY OF NEW YORK, DENNIS MOONEY,
and JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants,

--------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100