UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CANDI BUMBREY, et al.,

                               Plaintiffs,

       -against-

CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS RAYMOND WITTICK, GEORGE BOAN, ANDREW KINSELLA AND VINCENT ORSINI**

10-cv-05188 (ENV)(RML)

**JURY TRIAL DEMANDED**

Defendants Raymond Wittick, George Boan, Andrew Kinsella and Vincent Orsini[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the amended complaint, dated August 10, 2012 ("complaint"), respectfully:

       1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs have commenced an action as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs have commenced an action as stated therein.

       3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

       4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to base venue in this district as stated therein.

---

[1] Upon information and belief, individual defendants Leonard Ciurcina and Dwayne Brewster have not been served with the summons and complaint in this matter and have not requested legal representation from this office. According to the docket, defendants Brendan O'Brien and Matthew Regina have been served with the summons and complaint, but have not sought legal representation from this office. An answer to the amended complaint was previously filed on behalf of defendants The City of New York and Dennis Mooney.

5. State that the allegations set forth in paragraph "5" purport to demand a jury trial which does not require any response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City maintains the New York City Police Department and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that on August 11, 2009, defendants Mooney, Orsini, Boan, Kinsella, Wittick, O'Brien, Regina, and Ciurcina were employed by the City as police detectives and that Brewster was employed by the City as a police sergeant and state that the allegations that defendant "were acting under the supervision of said department and according to their official duties" are legal conclusions which do not require a response.

12. Deny the allegations set forth in paragraph "12" of the complaint, except state that the allegations that defendants "were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices" of New York are legal conclusions which do not require a response.

13. Deny the allegations set forth in paragraph "13" of the complaint, except state that the allegations that defendants were "acting with the scope of their employment" are legal conclusions which do not require a response.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that on August 11, 2009, plaintiffs were inside 29 Norwood Avenue, Apt. 1, Staten Island, New York.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Jackson and Bumbrey were handcuffed.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Legrand was ordered to get on the floor and put her hands behind her back.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Legrand was handcuffed and taken out of the apartment.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that the apartment was searched.

19. Deny the allegations set forth in paragraph "19 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiffs were released on their own recognizance at their arraignment.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that Brewster supervised Orsini, Boan, Kinsella, Wittick, O'Brien, Regina, and Ciurcina.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.


45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

58. Deny the allegations set forth in paragraph "58" of the complaint, except state that the allegations regarding any "affirmative duty" are legal conclusion which do not require a response.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

76. Deny the allegations set forth in paragraph "76" of the complaint, except admit that a document purporting to be a notice of claim was received by the City on November 10, 2009.

77. Deny the allegations set forth in paragraph "77" of the complaint, except admit that plaintiffs' claims have not been paid or adjusted.

78. Deny the allegations set forth in paragraph "78" of the complaint, except admit that this action was commenced on November 9, 2010.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint, except state that the allegations regarding "C.P.LR. 1602" are legal conclusions which do not require any response.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. In response to the allegations set forth in paragraph "99" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

100. Deny the allegations set forth in paragraph "100" of the complaint

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. In response to the allegations set forth in paragraph "110" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. In response to the allegations set forth in paragraph "113" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint.

116. In response to the allegations set forth in paragraph "116" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. In response to the allegations set forth in paragraph "119" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

120. Deny the allegations set forth in paragraph "120" of the complaint.

121. Deny the allegations set forth in paragraph "121" of the complaint.

122. In response to the allegations set forth in paragraph "122" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

123. Deny the allegations set forth in paragraph "123" of the complaint.

124. Deny the allegations set forth in paragraph "124" of the complaint.

## **FIRST AFFIRMATIVE DEFENSE**

125. The complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

126. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

127.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE**

128.    There was probable cause for plaintiffs' arrests and prosecutions and for any search.

**FIFTH AFFIRMATIVE DEFENSE**

129.    Plaintiffs failed to mitigate their alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

130.    Punitive damages cannot be assessed against the individual defendants in their official capacities.

**SEVENTH  AFFIRMATIVE DEFENSE**

131.    Plaintiffs provoked or were at fault for any incident.

**EIGHTH  AFFIRMATIVE DEFENSE**

132.    To the extent that plaintiffs have asserted any claims pursuant to state law against defendants, they are barred, in whole or in part, for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e, 50-i and/or 50-h.

**NINTH  AFFIRMATIVE DEFENSE**

133.    Defendants Kinsella, Boan, Wittick and Orsini did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

**TENTH  AFFIRMATIVE DEFENSE**

134. At all times relevant to the acts alleged in the complaint, defendants Kinsella, Boan, Wittick and Orsini acted reasonably in the proper and lawful exercise of their jurisdiction.

**ELEVENTH  AFFIRMATIVE DEFENSE**

135. Defendants Kinsella, Boan, Wittick and Orsini are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

**WHEREFORE**, defendants Andrew Kinsella, George Boan, Raymond Wittick and Vincent Orsini demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 4, 2012

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        Attorney for Defendants
        *Andrew Kinsella, George Boan, Raymond Wittick*
        and *Vincent Orsini*
        100 Church Street, Room 3-126
        New York, New York 10007
        (212) 788-6405

By:    /s/ *Ben Kuruvilla*
       Ben Kuruvilla

TO:  Brett H. Klein, Esq.  **BY ECF**
      Leventhal and Klein, LLP
      Attorney for Plaintiffs
      45 Main Street
      Brooklyn, New York  11201